GAUDIN, Judge.
This is an appeal from the refusal of a trial judge in the 29th Judicial District Court to certify the instant proceeding as a class action in accord with LSA-C.C.P. arts. 591 and 592. We affirm.
On December 11, 1982, an explosion occurred at the Union Carbide Corporation plant in Taft, Louisiana, causing approximately 17,000 persons, including Marshall Hunter, to be evacuated from nearby homes.
Hunter filed suit on December 20, 1982 on behalf of himself “... and as a member of a class of 17,000 people ...”
On November 30, 1983, a supplemental and amending petition was filed naming about 200 persons as additional parties plaintiff. Also that day, the trial judge held a class action certification hearing; and on the following day he rendered the appealed-from judgment denying certification. The judgment stated “... that Mr. Hunter’s suit ... does not have the minimum requirements to prevail under the provisions of Article 591 ...”
Further, the judgment read:
“... it does not appear that the parties are too numerous to make an ordinary individual law suit impossible before the prescription date of December 11, 1983...
“... actions already filed or to be filed before prescription ... are hereby converted to an ordinary proceeding ...”
The pertinent articles of the Code of Civil Procedure are:
ARTICLE 591
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or to be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or
(2) Secondary, in the sense that the owner or a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.
ARTICLE 592
One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members.
At the November 30, 1983 hearing, testimony of various witnesses indicated that more than half of the claims resulting from the explosion, an estimated 9,419 claims, had already been settled. Many of the remaining claimants were represented by other attorneys and these claims were being litigated separate from Hunter’s suit. Also, several thousand of the claims were .for lost wages only and were different from Hunter’s claims.
In his assigned “Reasons for Judgment,” the trial judge wrote that:
“... the plaintiff failed to produce a sufficient representative cross-section of the five-mile community described by the witnesses. And under State law a true class action cannot exist merely on common questions of law and fact. There must exist a relationship between the *30 claims greater than simply that of sharing a common disaster.”
We cannot say that the trial judge erred. First of all, it is difficult to perceive, considering the adduced testimony, a class of people with outstanding and unsettled claims or without attorneys. Several of these attorneys testified on November 30, 1983, and they said emphatically that they would not turn over the handling of their clients’ cases to Hunter’s attorney.
In Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La.1975), the Supreme Court cited various guidelines and said that much discretion is left to the trial judge in determining whether a class action should be maintained. The Court stated:
“These guidelines emphasize limiting the use of class action ... to occasions where the class action will be clearly more useful than other available procedures for definite determination of a common-based right ...”
Considering the present status of settled and unsettled claims, the trial judge correctly declined to certify Hunter’s case as a class action. See also Williams v. State of Louisiana, 350 So.2d 131 (La.1977), and State ex rel. Guste v. General Motors Corp., 370 So.2d 477 (La.1978), in which the Supreme Court denied a class action request, noting that the “... differences of individual issues and evidence involve the possibility of fragmentation of the class action ... into multiple lawsuits, to the prejudice of its manageability and the judicial efficiency contemplated by this procedural device.”
We are mindful of McCastle v. Rollins Environmental Services, 456 So.2d 612 (La.1984), in which the Supreme Court, in reversing both (1) a district court judgment denying class action and (2) an affirming opinion from the First Circuit reported at 440 So.2d 812, found that the class in question was so numerous that individual join-der was impractical, that the representative parties were proper champions of the class and that a common character existed.
In the case now before us, however, the trial court found individual joinder procedurally acceptable as Hunter had not produced “.. a sufficient representative, cross-section of the five-mile community ...” Otherwise stated, Hunter didn’t represent enough claimants, and the record supports this district court determination.
We affirm the decree refusing to certify Hunter’s suit as a class action, with appellant to bear all costs.
AFFIRMED.